## Case No. 16,765.

### UNITED STATES v. WORMS et al.

[4 Blatchf. 332.] [1]

Circuit Court, S. D. New York. May 27, 1859.

CRIMINAL LAW—COMMITMENT—PRELIMINARY EXAMINATION.

1. A commitment of a prisoner by a commissioner, on a preliminary warrant, for examination, should be for a short fixed period of time, and not for an indefinite time.
[Explained in Re Mason, 43 Fed. 514.]

2. The time should not exceed 24 hours, except for special cause shown, unless requested by the prisoner.

3. The government should be held to diligence in producing their testimony, or the prisoner should be discharged.
[Explained in Re Mason, 43 Fed. 514.]

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

This was an application to discharge the defendants [Charles Worms and John Reiga] from custody.

NELSON, Circuit Justice. The defendants were arrested in March last on a charge of smuggling, and were committed, on a preliminary warrant, for examination, for an indefinite time. They remained in prison, without any steps being taken for their examination, till the case was brought before me, they having then been in prison from one to two months. I directed that the examination should take place immediately, or I would discharge them from custody.

The commitment in the first instance was erroneous, as it should have been for a short, fixed period of time. In these cases of arrest, the commitment, with a view to the hearing by the commissioner of the testimony on behalf of the government, should be for a time certain, and, unless, on special cause shown, should not, except at the request of the prisoner, exceed the period of twenty-four hours; and, in case cause is shown, on the part of the government, for farther delay, to procure testimony, great diligence should be required in its procurement, and, in case of neglect, the commissioner should discharge the prisoner. It is the special duty of the officers who have charge of the prosecution, to attend to the examination with all reasonable dispatch, as the prisoner is usually kept in close custody during the preliminary examination, and it is wrong, if he is ready for the hearing, that he should be kept in confinement an hour beyond the time reasonably necessary for a full investigation of the crime charged.

I think the imprisonment in the present case exceedingly exceptionable, and the indefinite imprisonment under the warrant altogether irregular. I refrain, however, from discharging the parties, as the government have agreed to a speedy hearing of the case.